STATE of Wisconsin, Plaintiff-Respondent,

v.

Jayne S. JACOBSON, Defendant-Appellant.†

Court of Appeals

No. 91–1208–CR. Submitted on briefs July 17, 1990.—Decided September 19, 1991.

(Also reported in 476 N.W.2d 22.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *John P. Runde* of *Terwilliger, Wakeen, Piehler & Conway, S.C.* of Wausau.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general and *Diane M. Nicks,* assistant attorney general.

Before Eich, C.J., Dykman and Sundby, JJ.

SUNDBY, J. Defendant, Jayne S. Jacobson, is charged with first-degree intentional homicide, contrary to sec. 940.01(1), Stats. She pled not guilty and not guilty by reason of mental disease or defect. On February 8, 1991, the trial court, pursuant to sec. 971.16(1), Stats., appointed a psychiatrist to examine Jacobson and file his report with the judge not less than ten days before trial. On January 16, 1991, in anticipation of this examination and other psychiatric examinations, the state moved the court pursuant to sec. 971.24(1), Stats., for discovery of medical reports used as the basis for opinions formed by examining physicians or psychiatrists as to Jacobson's mental responsibility. The court granted the state's motion in an order filed January 24, 1991.

On February 7, 1991, Jacobson moved for a protective order to prohibit the state's access to Jacobson's medical or psychiatric treatment records prior to completion of the guilt phase of the trial. On May 16, 1991, the trial court denied Jacobson's motion. We granted Jacobson's petition for leave to appeal. We now affirm.

Section 971.165(1)(a), Stats., provides that if a defendant couples a plea of not guilty with a plea of not guilty by reason of mental disease or defect, "[t]here shall be a separation of the issues with a sequential order of proof in a continuous trial. The plea of not guilty shall be determined first and the plea of not guilty by reason of mental disease or defect shall be determined second."

Jacobson claims that her constitutional privilege not to incriminate herself will be abridged if the state has access to the results of her psychiatric examinations before completion of the guilt phase of her trial.

Jacobson states that she made inculpatory statements during those examinations. She requests a continuance of her trial after completion of the guilt phase to allow the state to review the psychiatrists' reports and prepare for the mental responsibility phase of the trial.

Jacobson argues that her privilege against self-incrimination can be protected only if the state is denied access to her inculpatory statements until the guilt phase of the trial is completed, or, alternatively, the psychiatric reports are provided to the state with her inculpatory statements deleted by the trial court after an *in camera* inspection.

The Fifth Amendment to the United States Constitution provides: "No person . . . shall be compelled in any criminal case to be a witness against himself . . .." Jacobson's privilege against self-incrimination under the fifth amendment is a trial right. *See Schmerber v. California,* 384 U.S. 757, 761 (1966) (privilege against self-incrimination is testimonial). Jacobson's fifth amendment right is protected by the fact that any inculpatory statements made by her in the psychiatric examinations are inadmissible in the guilt phase of her trial. Section 971.18, Stats., provides: "A statement made by a person subjected to psychiatric examination or treatment pursuant to this chapter for the purposes of such examination or treatment shall not be admissible in evidence against him in any criminal proceeding on any issue other than that of his mental condition."

Section 971.18, Stats., codifies the holding of the court in *State ex rel. La Follette v. Raskin,* 34 Wis. 2d 607, 150 N.W.2d 318 (1967). In *Raskin,* the court held:

> [W]hen the accused who was subjected to a compulsory mental examination can show a disclosure of inculpatory statements, admissions or confessions in response to questions of the examining doctor, he is entitled to ask for a sequential order of proof on the issues of guilt and insanity in order to assure himself of his constitutional rights of a fair trial, *and such compulsory statements and confessions can only be used on the issue of insanity and not in any way upon the issue of guilt.*

*Id.* at 627, 150 N.W.2d at 328 (emphasis added).

As the *Raskin* court pointed out, "There is no reason why a compulsory mental examination should be restricted and its purpose impaired if the constitutional rights of the accused can be protected by restrictions in the use of the examination." *Id.* at 619, 150 N.W.2d at 324. The supreme court and, subsequently, the legislature in sec. 971.18, Stats., have protected the defendant's constitutional rights by prohibiting the use of the defendant's psychiatric examinations during the guilt phase of the trial. There is therefore no reason to restrict the scope or timing of psychiatric examinations. We conclude that the trial court correctly denied Jacobson's motion for a protective order.

*By the Court.*—Order affirmed.